UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN ZALEWSKI,                                                                    15 CV 141 (KAM) (MDG)

                Plaintiff,                                                           AMENDED
                                                                                                  COMPLAINT AND
  - against -                                                                              JURY TRIAL DEMAND

P.O. RAYMOND NAPPI, Shield No. 23754,
SERGEANT MICHAEL LUBOMSKI,
Shield No. 5291, P.O. "JOHN DOES" 1-6 and
THE CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------X

      Plaintiff, JOHN ZALEWSKI, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

      1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

      2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

      3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

      4.    Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for false arrest.

## VENUE

      5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, JOHN ZALEWSKI, was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, defendant P.O. RAYMOND NAPPI, Shield No. 23754 (hereinafter "NAPPI") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant SERGEANT MICHAEL LUBOMSKI Shield No. 5291 (hereinafter "LUBOMSKI") was and is a natural person, employed as a sergeant by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendants P.O. "JOHN DOES" 1-6 were and are natural persons, employed as police officers by the Police Department of defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

12. The individual defendants are sued in their individual capacities.

13. On or about January 7, 2014, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

14.     More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

15.     This action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVUDAL DEFENDANTS
### (42 U.S.C. §1983)

16.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" hereinabove as if more fully set forth at length herein.

17.     On or about October 14, 2013, at approximately 1:30 A.M., plaintiff was out for a walk in his neighborhood after having arrived home from work.

18.     At or near the corner of 149th Street and 21st Avenue, in the County of Queens, City and State of New York, which location is approximately two blocks from plaintiff's home, an unmarked black motor vehicle pulled up next to him.

19.     Defendants NAPPI and LUBOMSKI jumped out of the aforementioned motor vehicle, ran up to plaintiff and grabbed hold of him.

20.     Defendants NAPPI and LUBOMSKI proceeded to search plaintiff and pat him down.

21.     At the aforementioned time and place, a blue van and a marked New York City Police Department patrol car pulled up.

22.     Other individual defendants hereto exited those two vehicles.

23.     Plaintiff was rear-handcuffed and placed in the back of the aforementioned patrol car.

24. At the aforementioned time and place, plaintiff was wearing a grey, hooded Polo Club sweat jacket.

25. One of the individual defendants pulled the hood of plaintiff's jacket up so that it covered his head and partially obscured his face.

26. A female, upon information and belief named Nicole Fannelly, was brought over to the patrol car by one of the individual defendants and looked through one of the windows of the patrol car in which plaintiff was seated, while he was still wearing the aforementioned hood.

27. After briefly looking at plaintiff, Ms. Fannelly turned to the individual defendants present and stated, "It's him."

28. Plaintiff was transported to the stationhouse of the 109th Precinct, where he remained until later in the morning.

29. At the aforementioned stationhouse, plaintiff was brought upstairs and placed in an interrogation room where, after being read a Miranda warning, he was told to write down a complete account of what he had done the day before.

30. Plaintiff wrote the requested account.

31. One of the individual defendants who was questioning plaintiff showed him a videotape retrieved from a surveillance camera located on the exterior of a building with the address of 20-14 149th Street.

32. The aforementioned video showed two males approaching the aforementioned building, with one of them climbing the building's exterior stairs and ringing the doorbell while the second male remained at the bottom of the stairs. The video further showed that when the front door of the building was opened, the male who

was standing at the foot of the stairs ran up the stairs and shot the person who had come to the door. The person who fired the shots was wearing a hooded garment.

33. Plaintiff pointed out to the two defendants that the video showed that, when the shooter and the person who had rung the bell ran away from the scene of the crime, the hood had come off the shooter's head, revealing that his hair was in a bun and was shorter and darker than plaintiff's. Moreover, the video showed the shooter wearing shorts, whereas plaintiff was wearing blue jeans.

34. Plaintiff pointed out to the two defendants that the video made it obvious that he was not the person depicted therein.

35. The response of the two defendants was to ask plaintiff when he had changed his clothes.

36. Upon information and belief, another surveillance tape in the possession of the individual defendants, obtained from a camera located on a building across the street from where the shooting took place, clearly showed that the shooter and the person who had rung the bell had jumped into a black BMW motor vehicle and had left the scene immediately following the shooting.

37. Unknown to plaintiff, the person who had been shot was one Arturo Salazar, who lived with Nicole Fannelly.

38. Upon information and belief, Arturo Salazar was not questioned as to the identity of the person who had shot him and was not shown a photograph of plaintiff.

39. Plaintiff was transported to Queens Central Booking and later appeared before a judge of the Criminal Court of the City of New York, County of Queens.

40. Plaintiff was charged, upon the complaint of defendant NAPPI, with assault in the first degree, a B felony; two counts of criminal possession of a weapon in

the second degree, a C felony; and reckless endangerment in the first degree, a D felony.

41.     The aforementioned judge set bail of $30,000/$10,000 on plaintiff, resulting in plaintiff's being incarcerated at the Vernon C. Bain Center for two days until his bail was paid.

42.     Plaintiff appeared in court a total of four times on the charges against him until, on March 3, 2014, all charges against him were dismissed and sealed on the motion of the Queens County District Attorney.

43.     The individual defendants hereto violated plaintiff's right, guaranteed to him by the fourth amendment to the Constitution of the United States, to be arrested, imprisoned and prosecuted only with probable cause therefor, in that, while acting under color of state law, they, without any cause or provocation whatsoever, falsely placed him under arrest, falsely imprisoned him and maliciously prosecuted him

44.     Because of the aforementioned acts committed against him by the individual defendants hereto, plaintiff suffered a deprivation of his rights to be arrested and prosecuted only with probable cause therefor, guaranteed to him by the fourth amendment to the Constitution of the United States, and, as a result, suffered and continues to suffer severe and permanent emotional injuries, lost time from his employment and incurred expenses for legal representation.

45.     By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS NAPPI
## AND THE CITY OF NEW YORK
### (False Arrest and False Imprisonment)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" hereinabove as if more fully set forth at length herein.

47. On or about October 14, 2014, at approximately 1:30 A.M., at or near the corner of 21st Avenue and 149th Street in the County of Queens, City and State of New York, defendant NAPPI, without having probable cause therefor, wrongfully and unlawfully arrested plaintiff and, against plaintiff's own free will, caused him to be incarcerated for more than two days.

48. Defendant NAPPI falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having committed the felonies of assault in the first degree (one count), criminal possession of a weapon in the second degree (two counts) and reckless endangerment (one count.)

49. Plaintiff was falsely, maliciously, wrongfully, unlawfully and illegally kept in confinement at the stationhouse of the 109th Precinct, Queens Central Booking and the Vernon C. Bain Center for more than two days.

50. At the time he committed the aforesaid acts of false arrest and false imprisonment against plaintiff, defendant NAPPI was acting within the scope of his employment by defendant CITY OF NEW YORK.

51. By reason of the false arrest and false imprisonment committed against him by defendant NAPPI, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered and continues to suffer serious and

permanent emotional injuries, lost time from his employment and incurred expenses for legal representation.

52. As a result of the aforementioned acts of false arrest and false imprisonment committed against him by defendant NAPPI, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant NAPPI.

WHEREFORE, plaintiff, JOHN ZALEWSKI, demands judgment against defendants, P.O. RAYMOND NAPPI, Shield No. 23754, SERGEANT MICHAEL LUBOMSKI, Shield No. 5291, P.O. "JOHN DOES" 1-6 and THE CITY OF NEW YORK as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant NAPPI.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       June 22, 2015

*(signature)*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No: 2291